AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
**V.**
EDUARD GHIOCEL (1)
aka Eduard Alexandru,   Filica

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:   3:23-CR-00650-LAB

Roseline Dergregorian Feral
Defendant's Attorney

**USM Number**          32896-298

☐  –

THE DEFENDANT:

☒  pleaded guilty to count(s)      1 of the Information

☐  was found guilty on count(s)

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:1956(h); 21:853(p), 18:982 - Conspiracy To Launder Monetary Instruments; Criminal Forfeiture | 1 |

The defendant is sentenced as provided in pages 2 through **3** of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☐  Count(s) _____ is _____ dismissed on the motion of the United States.

☒  Assessment:  $100.00
–

☐  JVTA Assessment*: $
-

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒  No fine      ☒  Forfeiture pursuant to order filed   11/21/2023   , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

November 20, 2023
Date of Imposition of Sentence

HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | EDUARD GHIOCEL (1) | Judgment - Page **2** of **3** |
| CASE NUMBER: | 3:23-CR-00650-LAB | |

## <u>IMPRISONMENT</u>

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

36 months

☐    Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒    The court makes the following recommendations to the Bureau of Prisons:

TERMINAL ISLAND OR LOMPOC DESIGNATION

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant must surrender to the United States Marshal for this district:

     ☐    at _____ A.M.      on _____

     ☐    as notified by the United States Marshal.

☐    The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐    on or before

     ☐    as notified by the United States Marshal.

     ☐    as notified by the Probation or Pretrial Services Office.

## **RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

_____

By _____

DEPUTY UNITED STATES MARSHAL

3:23-CR-00650-LAB

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

---

| | | |
|---|---|---|
| DEFENDANT: | EDUARD GHIOCEL (1) | Judgment - Page **3** of **3** |
| CASE NUMBER: | 3:23-CR-00650-LAB | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
3 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.

2. The defendant must not unlawfully possess a controlled substance.

3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.

☐The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)

4. ☐The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)

5. ☒The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)

6. ☐The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)

7. ☐The defendant must participate in an approved program for domestic violence. (check if applicable)

No standard conditions of supervised release were imposed.

## SPECIAL CONDITIONS OF SUPERVISION

- Do not enter the United States illegally.

- The defendant must not commit another federal, state or local crime.

//

1
2
3
4
5
6
7

8                   UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,            Case No.  23-cr-0650-LAB

11                      Plaintiff,        PRELIMINARY ORDER OF
                                          CRIMINAL FORFEITURE
12          v.

13   EDUARD GHIOCEL (1),
            aka "Eduard Alexandru,"
14          aka "Filica",

15                      Defendant.

16

17          WHEREAS, in the Information, the United States sought forfeiture of all right,

18   title and interest in multiple properties of Defendant EDUARD GHIOCEL

19   ("Defendant"), pursuant to Title 18, United States Code, 982(a)(1) as property, real

20   and personal, which constitute and are derived from proceeds traceable to the

21   violations of Title 18, United States Code, Sections 1341, 1343, and 1346, as charged

22   in the Information and as set forth in Count 1 of the Information; and

23          WHEREAS, on June 20, 2023, Defendant pled guilty before Magistrate Judge

24   Jill L. Burkhardt to the offense in Count 1 of the Information, which plea included

25   consent to the forfeiture allegation of the Information, and consent to the forfeiture of

26   all properties seized in connection with the case as proceeds traceable to the offense

27   set forth in Count 1 which Defendant agrees are forfeitable to the United States

28   pursuant to Title 18, United States Code, 982(a)(1):

- 2019 Lamborghini Urus, CA License 4QUE305, VIN ZPBUA1ZL5KLA01530;
- 2020 Ferrari Portofino, CA License Plate VL16HPY, VIN ZFF89FPB000256119;
- 2021 Lamborghini Urus, VIN ZPBUA1ZL7MLA13293;
- BMW X4, VIN WBAVJ51040LP64279, License Plate, VL 97HPY
- Two (2) gold coin with Krugerrand 2013 inscribed, worth $2,000 USD each, $4,000.00 in total;
- Approximately $1,896.37 worth of U.S. Currency compromised of the following mix of Romanian leu and euros:

  8,050 leu (worth approximately $1,786.87 USD compromised of:

  aa. 34 bank notes of 200 lei denominations;

  bb. 10 bank notes of 100 lei denominations;

  cc. 5 bank notes of 50 lei denominations;

- 100 euro (worth approximately $109.50 USD) comprised of:

  aa. 2 bank notes of 50-euro denominations; and

WHEREAS, on, June 20, 2023, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the properties and the offense; and,

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to Title 18, United States Code, 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      Based upon the guilty plea of the Defendant to Count 1 of the Information, the United States is hereby authorized to take custody and control of the following properties, and all right, title and interest of Defendant EDUARD GHIOCEL in the properties are hereby forfeited to the United States pursuant to Title 18, United States Code, 982(a)(1) for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n):

- 2019 Lamborghini Urus, CA License 4QUE305, VIN ZPBUA1ZL5KLA01530;
- 2020 Ferrari Portofino, CA License Plate VL16HPY, VIN ZFF89FPB000256119;
- 2021 Lamborghini Urus, VIN ZPBUA1ZL7MLA13293;
- BMW X4, VIN WBAVJ51040LP64279, License Plate, VL 97HPY
- Two (2) gold coin with Krugerrand 2013 inscribed, worth $2,000 USD each, $4,000.00 in total;
- Approximately $1,896.37 worth of U.S. Currency compromised of the following mix of Romanian leu and euros:

  8,050 leu (worth approximately $1,786.87 USD compromised of:

  aa. 34 bank notes of 200 lei denominations;

  bb. 10 bank notes of 100 lei denominations;

  cc. 5 bank notes of 50 lei denominations; and

- 100 euro (worth approximately $109.50 USD) comprised of:

  aa. 2 bank notes of 50-euro denominations.

2.      The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation in its secure custody and control.

- 3 -                                    23cr0650

3.      Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.  The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States.  The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition.  The Court may enter an amended order without further notice to the parties.

4.      Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited firearm and ammunition must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the specific properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited specific properties and any additional facts supporting the petitioner's claim and the relief sought.

6.      The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.    Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n) as to the aforementioned assets, in which all interests will be addressed.

8.    Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

**IT IS SO ORDERED.**

DATED:   11/20/2023

Honorable Larry Burns
United States District Judge

- 5 -                                   23cr0650